IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OMAR CHAVEZ-GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV424 |
| | ) | |
| v. | ) | |
| | ) | |
| GILBERTO BALLY, et al., | ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the motion to proceed *in forma pauperis* ("IFP") (Filing No. 2) filed by the plaintiff, Omar Chavez-Garcia, a federal prisoner. The plaintiff asserts a "*Bivens* action," *i.e.*, a claim based directly on the United States Constitution, against two agents of the Federal Bureau of Investigation ("F.B.I.") who seized $8,439 from the plaintiff in the course of a search of his vehicle and an arrest in June of 2000. Construing the complaint liberally, the plaintiff seeks damages for the alleged deprivation of his Fourth Amendment rights. *See generally Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-97 (1971), in which the United States Supreme Court stated that damages may be obtained for unconstitutional conduct by individual federal officials.

By moving for leave to proceed IFP, the plaintiff subjects his complaint to initial and subsequent review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court notes that the money which is the subject of this action was also the subject of an indictment returned by the Grand Jury and filed on December 14, 2000. That indictment, *United States of America v. Omar Chavez-Garcia*, 8:00CR347, contained seven counts. Count VII provided that on or about June 14, 2000, in Nebraska, the defendant used or intended to use the monies in question to commit or facilitate a controlled substance violation as set forth in Counts I and II of the indictment.

Subsequently, on January 18, 2001, a superseding indictment was filed adding two other parties as defendants, but Count VII remained the same, charging that the monies in question

-2-

were found in the possession of the defendant and should be forfeited.  Subsequently, the two co-defendants of Mr. Chavez-Garcia entered pleas of guilty to Count I of the superseding indictment charging conspiracy to distribute controlled substances, and on November 9, 2001, Mr. Chavez-Garcia entered into a plea agreement with the government, whereby he agreed to enter a plea to Count I and Count VII of the superseding indictment.  That plea agreement (Filing No. 80) provides in Paragraph 1:  "Defendant understands that by entering this plea of guilty, defendant forfeits any interest he may have in such property."  On November 15, 2001, a motion was filed for a preliminary forfeiture (Filing No. 84), on November 20, 2001, a preliminary order of forfeiture was entered (Filing No. 88).  That order required that notice by published, advising any party who claimed a legal interest in the subject forfeited property to file a petition with the Court within thirty (30) days of the final publication of notice.

No such petitions were filed.  On March 19, 2002, a final order of forfeiture was filed, which recites that notice had been published, no claims had been filed, and that the subject property was forfeited to the United States.  At no time during any of these procedures did defendant indicate or suggest that $6,000 of this money was legally obtained by him through a loan from a brother-in-law.  In addition, the official court

-3-

record reflects that defendant was not stopped by F.B.I. agents but was stopped by Omaha police officers who, in a search of his vehicle, found the $8,439 which was subsequently forfeited to the United States, and $6,000 of which plaintiff now claims had been loaned to him by his brother-in-law.

The record also reflects that the defendant filed an action against United States District Judge Richard G. Kopf for damages in denying a release of the funds to him. This action was dismissed by District Judge Laurie Smith Camp on the basis of Judge Kopf's absolute immunity.

In addition to the foregoing, the complaint, on its face, indicates that the plaintiff brings this action after the applicable statute of limitations has expired.

As explained in *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995), "[a]n action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." (Citation and quotation marks omitted.)

In the Eighth Circuit, a *Bivens* action is governed by the same statute of limitations as actions under 42 U.S.C. § 1983. *Sanchez v. United States*, 49 F.3d at 1330. *See generally, Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Nebraska, that statute is

-4-

the four-year personal injury statute of limitations contained in Neb. Rev. Stat. § 25-207.  *Bridgeman v. Nebraska State Pen*, 849 F.2d 1076, 1077 (8th Cir. 1988) *(per curiam)*.  The plaintiff's cause of action against the defendants accrued in June of 2000, and he filed this action over six years later.

While in this case it appears that plaintiff would otherwise qualify financially to proceed *in forma pauperis*, for the foregoing reasons, the Court finds his complaint fails to state a claim upon which relief may be granted, and that this action is frivolous.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 4th day of August, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
UNITED STATES DISTRICT COURT